IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Civil Action No. _____ |
| v. | **COMPLAINT** |
| SnoBear USA, Inc. | **Jury Trial Demanded** |
| Defendant. | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991 and the Equal Pay Act of 1963 to correct unlawful employment practices on the basis of sex, and to restrain the unlawful payment of wages to a female employee at a rate less than the wage rates paid to male employees, and to provide appropriate relief due to Charging Party Connie Kitterman as a result of such unlawful practices. Charging Party Connie Kitterman is a former employee who was paid less wages by Defendant because of her gender, than was paid to at least four male employees for performing the same job duties of welding, as alleged with greater particularity in paragraph 14 below.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to

Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. Sections 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Minnesota.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. Sections 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e5(f)(1) and (3).

4. At all relevant times, Defendant, SnoBear USA, Inc. (the "Employer" or "SnoBear"), has continuously been a Minnesota corporation, doing business in the State of Minnesota and the City of Isanti, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant has acted as an employer by continuously employing one or more employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant has continuously engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) has continuously engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## ADMINISTRATIVE PROCEDURES

8. More than 30 days prior to the institution of this lawsuit, Connie Kitterman filed a charge with the EEOC alleging violations of the EPA and Title VII by Defendant.

9. On August 21, 2018, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that the EPA and Title VII were violated and inviting Defendant to join with the Commission in informal methods of

conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission and on September 26, 2018, the EEOC issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF CLAIMS

13. More than thirty days prior to the institution of this lawsuit, Connie Kitterman filed a charge with the Commission alleging violations of Title VII and the Equal Pay Act by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

14. Since at least August 16, 2016, Defendant has engaged in unlawful employment practices at its Isanti, Minnesota facility, in violation of Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2) and Section 703 of Title VII, 42 U.S.C. §2000e-2(a)(1) by committing the following acts:

    (a) In August 2016, Kitterman was hired as a welder through the Minnesota Department of Economic Security and SnoBear agreed to pay Kitterman

       "at the same rates, including Increases, and benefits as employees who are situated in similar jobs."

(b)    At the time Kitterman was hired, she was paid only $14.00 per hour but one month later a male with similar experience and education in welding was hired and paid $16.00 per hour to do the same job which required equal skill, effort, and responsibility in violation of the Equal Pay Act and Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(1).

(c)    On January 6, 2017, SnoBear hired a male welder to do the same job which required equal skill, effort, and responsibility as Connie Kitterman but paid this man $16.00 per hour.

(d)    On October 9, 2017, SnoBear hired a male welder to do the same job which required equal skill, effort, and responsibility as Connie Kitterman but paid this man $15.00 per hour.

(e)    On October 30, 2017, SnoBear hired a male welder to do the same job which required equal skill, effort, and responsibility as Connie Kitterman but paid this man $16.00 per hour.

(f)    Connie Kitterman was never paid more than $14.40 per hour to do the same job which required equal skill, effort, and responsibility done by men paid much more per hour.

(g)    Connie Kitterman complained about the difference in hourly rates based on sex but was told the men were not paid much more than her and nothing

5

        changed in violation of the Equal Pay Act, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(1).

(h)     Connie Kitterman performed the same welding work done by the men in this position at a lesser rate of pay until May of 2018, when she resigned from SnoBear.

15.     The effect of the practices complained of in paragraph 14 above has been to deprive Charging Party Connie Kitterman of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female. Plaintiff avers that the pay disparity is actionable under the Equal Pay Act and Title VII of the Civil Rights Act of 1964, as amended.

16.     The unlawful employment practices complained of in paragraph 14 above were intentional and willful.

17.     The unlawful employment practices complained of in paragraph 14 above were done with malice or with reckless indifference to the federally protected rights of Charging Party Connie Kitterman.

18.     Since at least August 2016, Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by demanding that Charging Party Connie Kitterman perform the position of welding at less than the rates paid to men performing the same tasks and functions.

19. As a result of the acts complained of above, Defendant unlawfully has withheld and is continuing to withhold the payment of wages due to Charging Party Connie Kitterman.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

(A) Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's sex;

(B) Grant a permanent injunction enjoining the Defendant, is officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating, between employees on the basis of sex by paying wages to employees at a rate less than the rate paid to employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions;

(C) Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of past and present unlawful employment practices;

(D) Order Defendant to make whole Charging Party Connie Kitterman, by providing appropriate back-pay with prejudgment interest, in amounts to be

7

proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

(E)   Order Defendant to make whole Charging Party Connie Kitterman by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraph 14 above;

(F)   Order Defendant to make whole Charging Party Connie Kitterman by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 14 above, including but not limited to emotional pain and suffering, humiliation, inconvenience and loss of enjoyment of life for being treated differently than the male welders and for having been compelled into a separation of employment;

(G) Order Defendant to pay Charging Party Connie Kitterman punitive damages for its malicious and/or reckless conduct described in paragraph 14 above, in an amount to be determined at trial;

(H) Grant a judgment requiring Defendant to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages or prejudgment interest in lieu thereof to employees whose wages are being unlawfully withheld as a result of the acts described in paragraph 14 above, including but not limited to Charging Party Connie Kitterman;

(I)  Grant such further relief as this Court deems necessary and proper in the public interest; and,

(J)  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                  Respectfully submitted,

Dated: December 20, 2018

                              EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

JAMES LEE
Deputy General Counsel

JEROME SCANLAN
Assistant General Counsel

131 M Street, N.E.
5th Floor
Washington, D.C. 20507

s/ Gregory A. Gochanour
Gregory A. Gochanour, Regional Attorney

s/ Jean Kamp
Jean P. Kamp, Associate Regional Attorney
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8116
Facsimile: (312) 869-8124
jean.kamp@eeoc.gov


s/ Patrick M. Connor
Patrick M. Connor
Senior Trial Attorney
Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
Telephone: (612) 334-4006
Facsimile: (612) 335-4044
patrick.connor@eeoc.gov

9